UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN THE MATTER OF AN APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF PEN-REGISTER DEVICE OR PROCESS, THE INSTALLATION AND USE OF A TRAP-AND-TRACE DEVICE OR PROCESS, AND THE DISCLOSURE OF TELECOMMUNICATIONS RECORDS AND/OR INFORMATION | NO.  **FILED UNDER SEAL**  3:18mj 876( HBF)  March 22, 2012 |

**FILED**
2018 JUN -7 A 8:52
US DISTRICT COURT
BRIDGEPORT CT

## ORDER TO SERVICE PROVIDER

This matter having come before the Court pursuant to an application under Title 18, United States Code, Sections 2703(c) and (d), 3122, 3123 and 3124 by Rahul Kale, an Assistant United States Attorney, requesting the installation and use of a pen-register device or process and a trap-and-trace device or process on cellular telephone number (203) 455-8951 ("Target Telephone") for which service is provided by SPRINT/NEXTEL, and the production of certain telecommunication records and/or information (not including the content of communications), and the Court, having entered an Order on this date granting the Government's application, orders the following:

IT IS ORDERED, pursuant to 18 U.S.C. § 3123, that Federal Bureau of Investigation ("FBI") may install and use for a period of sixty (60) days, commencing on the date and time of this Order: a pen-register device or process to record or decode dialing, routing, addressing, or signaling information, including push-to-talk (direct connect/walkie-talkie feature) calls and cell site call activations, transmitted by an instrument or facility from which a wire or electronic communication is transmitted, including numbers dialed or pulsed from the Target Telephone, to record the date and time of such dialings or pulsings, and to record the length of time the

telephone receiver in question is off the hook for incoming or outgoing calls; and a trap-and-trace device or process that captures the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information, including push-to-talk (direct connect/walkie-talkie feature) calls and cell site call activations, likely to identify the sources of wire or electronic communications and to record the date, time, and duration of calls created by such incoming impulses, transmitted to the Target Telephone.

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 3123(b)(2), that Virgin Mobile, a reseller for Sprint Nextel Corporation ("the Company"), shall furnish agents of the FBI forthwith all information, facilities and technical assistance necessary to accomplish the installation of the pen-register device or process and trap-and-trace device or process unobtrusively and with minimum interference with the services that are accorded persons with respect to whom the installation and use is to take place;

IT IS FURTHER ORDERED, pursuant to 18 U.S.C. § 2703(c) and (d), that Sprint Nextel Corporation; T-Mobile USA, Inc.; Cellco Partnership d/b/a Verizon Wireless; Cingular Wireless; AT&T Wireless; SBC Communications/Southern New England Telephone Company; and/or any other wireless or hardline telecommunication company, including providers of Voice Over Internet Protocol ("VOIP"), (collectively, the "Service Providers") shall furnish agent of the FBI with electronic communication records and/or information, including subscriber information, billing and payment information, ESN, IMSI, UFMI, and/or SIM numbers, call detail records, including records of push-to-talk (direct connect/walkie-talkie feature) calls, for a period beginning up to thirty (30) days prior to the date of the request, for the telephone numbers dialing or being dialed from the Target Telephone, and for the Target Telephone, and running through the

duration of the Court's Order;

IT IS FURTHER ORDERED that the Company shall furnish agents of the FBI cell cite activations for the Target Telephones for a period beginning up to thirty (30) days prior to the date of the request.

IT IS FURTHER ORDERED, that the Company be compensated by the applicant for reasonable expenses incurred in providing technical assistance, and that the Company and the Service Providers be reimbursed by the applicant for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing the information furnished, excluding those costs associated with records and information that relate to toll records and telephone listings that are exempt pursuant to 18 U.S.C. § 2706(c);

IT IS FURTHER ORDERED, that authorization apply not only to the number assigned to the Target Telephones described above, but also to any other numbers subsequently listed to the same subscriber and/or subsequently assigned to an instrument bearing the same ESN, UFMI, IMSI, or SIM, or account number as the Target Telephone within the sixty (60) day period;

IT IS FURTHER ORDERED that this Order to Service Provider is sealed, except that copies of this Order to Service Provider may be provided to the FBI and served on the Company and the Service Providers;

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3123(d), to avoid prejudice to the criminal investigation, the Company and its agents and employees, and the Service Providers and their agents and employees, shall not disclose or cause a disclosure of the Order/Order to Service Provider or the request for assistance or the existence of this investigation under penalty

of criminal prosecution to any person other than those of their agents and employees who require this information to accomplish the services hereby ordered, unless and until otherwise ordered by this Court. In particular, no such disclosure may be made to a lessee, telephone subscriber, or any other person, unless or until otherwise ordered by the Court; and

IT IS ALSO ORDERED that to avoid prejudice to a criminal investigation, an employee of the Company and an employee of each of the Service Providers shall maintain a list showing each person having knowledge of the Order/Order to Service Provider and/or what it authorizes as well as the date and time each person first learned of that information and by whom they learned of it.

SO ORDERED this 22nd day of March 2012, at Bridgeport, Connecticut.

/s/ Holly B. Fitzsimmons, USMJ

HONORABLE HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE